UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | |
|---|---|
| DAVID DYER,<br>    Petitioner, | Civil Action No. 1:09-cv-285 |
| vs. | Barrett, J.<br>Wehrman, M.J. |
| MIKE SHEETS, WARDEN,<br>    Respondent. | **REPORT AND<br>RECOMMENDATION** |

    Petitioner, a state prisoner, brings this case *pro se* seeking a writ of habeas corpus pursuant to 28 U.S.C. § 2254. This matter is before the Court on the petition (Doc. 1) and respondent's return of writ and exhibits thereto. (Doc. 5).

## I. PROCEDURAL HISTORY

    This case involves the following facts, as summarized by the Fourth District Ohio Court of Appeals:[1]

> {¶ 6} On December 7, 2006, Detective Steven Timberlake of the Portsmouth Police Department set up a controlled buy of oxycodone from David Dyer using a confidential informant. Timberlake drove the informant to Dyer's house in Scioto County, and he watched the informant walk over and talk to Dyer in his driveway. After completing the transaction, the informant returned to the car and gave Timberlake a 40 mg oxycodone tablet. Timberlake testified that he did not witness the informant give Dyer the money or see Dyer give the informant the oxycodone, nor did he see any children near Dyer at the time of the controlled purchase.
>
> {¶ 7} That same day, Timberlake and Officer Todd M. Bryant obtained a search warrant and returned to Dyer's property. As they approached Dyer's house, they fell in behind Dyer as he drove home with Robert McClary and Dyer's granddaughter. Timberlake and Bryant first went to the rear of the property and followed a set of tracks in the snow that led to a building that appeared to be a chicken coop. There, Timberlake and Bryant found four bottles labeled as four different brands of over-the-counter medication. However, inside those bottles, the detectives found oxycodone, morphine, diazepam, marijuana, and cocaine. Inside Dyer's bedroom dresser in the house, police found a bottle of medicine prescribed for McClary that contained 10 mg hydrocodone, a painkiller. McClary testified that he often stayed at

---

[1] The factual findings of the state appellate court are entitled to a presumption of correctness in the absence of clear and convincing evidence to the contrary. 28 U.S.C. § 2254(e)(1); *see McAdoo v. Elo*, 365 F.3d 487, 493-94 (6th Cir. 2004).

>Dyer's house for extended visits and that he and Dyer had placed the bottle in the dresser to keep it out of reach of Dyer's granddaughter who, according to McClary, was visiting that weekend. Police retrieved Dyer's keys and unlocked a storage building, where they found a .410 shotgun. They found shells for the shotgun in the kitchen. Bryant testified that one room in Dyer's house had a child's bed, toys, and clothing. The next day, police executed a search warrant at Dyer's sister's house. There, police found large amounts of money hidden in the toolbox of a tractor and in the refrigerator, as well as a set of digital scales hidden in the garage.
>
>{¶ 8} The State charged Dyer with one count of trafficking in oxycodone in the vicinity of a juvenile, a violation of R.C. 2925 .03(A)(2) and (C)(1)(d) and a first-degree felony, one count of possession of oxycodone, a violation of R.C. 2925.11(A) and (C)(1)(c) and a second-degree felony, one count of trafficking in morphine in the vicinity of a juvenile, a violation of R.C. 2925.03(A)(2) and (C)(1)(c) and a second-degree felony, one count of possession of morphine, a violation of R.C. 2925.11(A) and (C)(1)(b) and a third-degree felony, one count of possession of cocaine, a violation of 2925.11(A) and (C)(1)(a) and a fifth-degree felony, and one count of possession of a weapon while under a disability, a violation of R.C. 2923.13(A)(3) and a third-degree felony.

(Doc. 5, Exh. 6 at 2) (footnotes omitted).

### State Trial Court Proceedings

Following a jury trial, petitioner was convicted on all charges. (Doc. 5, Exh. 2). He was sentenced to an aggregate sentence of 15 years and 11 months imprisonment. (Doc. 5, Exh. 2).

### Direct Appeal

On June 12, 2007, petitioner, through counsel, filed a timely notice of appeal (Doc. 5, Exh. 3) and raised the following assignments of error on appeal:

>1. The court below denied Mr. Dyer due process of law and a fair trial when it expanded the definition of beyond a reasonable doubt to permit conviction on clear and convincing evidence, in violation of the Fifth, Sixth and Fourteenth Amendments to the United States Constitution, and Art. I, §§ 10 and 16 of the Ohio Constitution. [Record, 358-359, 362]
>
>2. The court below erred when it denied the Defendant's Motion for a Judgment of Acquittal under Rule 29 as there was insufficient evidence to support the allegation that any drug transaction occurred within 100 feet of a juvenile or that the drug trafficking was more than five times bulk amount. In the alternative, the jury's

verdicts on these issues were against the manifest weight of the evidence.

> 3.  The court below erred when it instructed the jury on both aiding and abetting and complicity, since neither was charged in the indictment nor was either supported by the evidence adduced at trial, and thus denied Mr. Dyer a fair trial and due process of law under the Fifth, Sixth and Fourteenth Amendments to the United States Constitution and Article I, §§ 10 and 16 of the Ohio Constitution. [Record, 356-358, 367]
>
> 4.  The prosecutor engaged in misconduct that denied Mr. Dyer a fair trial and due process of law under the Fifth, Sixth and Fourteenth Amendments to the United States Constitution and Article I, §§ 10 and 16 of the Ohio Constitution. [Record, 313-348]

(Doc. 5, Exh. 4). The State filed a brief in opposition. (Doc. 5, Exh. 5). On May 30, 2008, the Ohio Court of Appeals sustained the second assignment of error, overruled the remaining assignments of error, and remanded for further proceedings. (Doc. 5, Exh. 6).[2]

On July 14, 2008, petitioner, through counsel, filed a timely appeal with the Ohio Supreme Court and raised the following propositions of law:

> 1.  Any addition to the statutory definitions of "reasonable doubt" and "proof beyond a reasonable doubt" risks diminishing the State's burden of proof; accordingly, trial Courts shall instruct the jury that "reasonable doubt" is defined in the terms set forth in R.C. § 2901.05(E), and shall not expand upon the statutory definition.
>
> 2.  Closing argument is intended to summarize the evidence, not to incite the passion of the jury; accordingly the Court will reverse a conviction when prosecutors engage in misconduct and deny the defendant due process of law and a fair trial by urging the jury to send a message to the community by its verdict, repeatedly argue facts not in evidence, and repeatedly express personal opinion in closing argument.

(Doc. 5, Exhs. 7, 8). The Ohio Supreme Court declined to exercise jurisdiction and dismissed the appeal as not involving any substantial constitutional question. (Doc. 5, Exh. 9).

### Application for Reopening Under Ohio App. R. 26(B)

---

[2] As of the filing of the return of writ, the trial court had not addressed the remand by the Ohio Court of Appeals.

3

On November 5, 2008, petitioner filed a pro se application to reopen his direct appeal on the basis of ineffective assistance of appellate counsel pursuant to Ohio App. R. 26(B). (Doc. 5, Exh. 10). Petitioner asserted that appellate counsel's representation was deficient because he failed to give petitioner timely notice of the Court of Appeals' judgment on direct review and failed to raise claims of trial counsel's ineffectiveness on direct appeal. *Id*. The Ohio Court of Appeals denied the application to reopen finding that petitioner failed to show "good cause" for his untimely application to reopen, and that petitioner failed to establish a colorable claim of ineffective assistance of counsel in any event. (Doc. 5, Exh. 11).

Petitioner did not appeal this decision to the Ohio Supreme Court.

## II. FEDERAL HABEAS CORPUS

Petitioner filed the instant petition for a writ of habeas corpus setting forth the following grounds for relief:

> **GROUND ONE:** Petitioner is entitled to habeas corpus relief as a matter of federal due process, when the trial court gave prejudicial jury instructions.
>
> **Supporting Facts:** The trial court gave a[n] instruction to the jury on "clear and convincing" evidence standard, as opposed to proof beyond a reasonable doubt, which violated petitioner's 14th Amendment right to due process of law, and deprived petitioner of his right to [a] fair trial.
>
> **GROUND TWO:** Petitioner's 14th Amendment right to due process of law was violated by the prosecuting attorney…based on prosecutorial misconduct.
>
> **Supporting Facts:** At trial, the prosecutor stated that the jury must find the petitioner "guilty" based on "community value" standards. This comment along with other comments, was prosecutorial misconduct, and deprived petitioner of his right to a fair trial. Amend. XIV, U.S. Const.
>
> **GROUND THREE:** Petitioner was deprived of his right to the effective assistance of appellate counsel on direct appeal, in violation of due process.
>
> **Supporting Facts:** Appellate counsel was constitutionally ineffective on direct

4

>appeal for failing to timely notify the petitioner of the appellate court's decision, which created a delay in filing an application for reopening.
>
>**GROUND FOUR:** Petitioner is entitled to habeas corpus relief on grounds that Petitioner's right to effective assistance of counsel was violated.
>
>**Supporting Facts:** Appellate counsel violated Petitioner's rights by failing to raise a 6th Amendment violation, pertaining to ineffective assistance of trial counsel, that deprived Petitioner of his right to a fair trial. The testimony & statements on the record "clearly" show factual innocence.

(Doc. 1).

## II. STANDARD OF REVIEW

On federal habeas review, the factual findings of the state appellate court are entitled to a presumption of correctness in the absence of clear and convincing evidence to the contrary. 28 U.S.C. § 2254(e)(1). *See McAdoo v. Elo*, 365 F.3d 487, 493-94 (6th Cir. 2004); *Mitzel v. Tate*, 267 F.3d 524, 530 (6th Cir. 2001). This Court is bound by the state court adjudications unless those decisions are contrary to or an unreasonable application of clearly established federal law. *Franklin v. Francis*, 144 F.3d 429, 433 (6th Cir. 1998).

Under the Antiterrorism and Effective Death Penalty Act of 1996, Pub. L. No. 104-132, 110 Stat. 1214 ("AEDPA"), a writ of habeas corpus may not issue with respect to any claim adjudicated on the merits in state court unless the adjudication either:

>1. resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
>
>2. resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. § 2254(d). A legal principle is "clearly established" for purposes of habeas corpus review "only when it is embodied in a holding of [the Supreme] Court." *Thaler v. Haynes*, 130 S.

5

Ct. 1171, 1173 (2010).

> The phrases "contrary to" and "unreasonable application" have independent meanings: A federal habeas court may issue the writ under the 'contrary to' clause if the state court applies a rule different from the law set forth in . . . [Supreme Court] cases, or if it decides a case differently that we have done on a set of materially indistinguishable facts. The court may grant relief under the 'unreasonable application' clause if the state court correctly identifies the governing legal principle from . . . [the Supreme Court's] decisions but unreasonably applies it to the facts of a particular case. The focus on the latter inquiry is whether the state court's application of clearly established federal law is objectively unreasonable . . . and an unreasonable application is different from an incorrect one.

*Bell v. Cone*, 535 U.S. 685, 694 (2002)(citation omitted).

If a state court does not articulate the reasoning behind its decision or fails to adjudicate the constitutional issues, the AEDPA deferential standard of review set forth in section 2254(d) is inapplicable. *See Wiggins v. Smith,* 539 U.S. 510, 534 (2003); *Towns v. Smith*, 395 F.3d 251, 257 (6th Cir. 2005); *see also Clinkscale v. Carter*, 375 F.3d 430, 436 (6th Cir. 2004) (citing *Maples v. Stegall*, 340 F.3d 433, 436 (6th Cir. 2003) ("Where as here, the state court did not assess the merits of a claim properly raised in a habeas petition, the deference due under AEDPA does not apply.")). Under these circumstances, the constitutional claim is reviewed *de novo* and the Court considers "the totality of the evidence-'both that adduced at trial, *and the evidence adduced in the habeas proceeding[s].*'" *Wiggins,* 539 U.S. at 536 (emphasis in the original) (quoting *Williams v. Taylor,* 529 U.S. 362, 397-98 (2000)). *Accord Clinkscale*, 375 F.3d at 436.

### III. GROUND ONE OF THE PETITION IS WITHOUT MERIT.

Ground One of the petition asserts that petitioner's due process rights were violated when the trial court erroneously instructed the jury on the State's burden of proof. Specifically, petitioner contends the judge instructed the jury on a "clear and convincing" evidence standard, as opposed to proof beyond a reasonable doubt standard, in violation of petitioner's right to a fair trial under the

6

Fourteenth Amendment.

In rejecting this assignment of error, the Fourth District Court of Appeals stated:

{¶ 12} In his first assignment of error, Dyer argues that the trial court improperly defined the State's burden of proof, "beyond a reasonable doubt," by conflating that definition with the definition of clear and convincing evidence, thus reducing the State's burden of proof. In its jury charge, the trial court explained:

> Reasonable doubt is present when jurors, after they have carefully considered and compared all the evidence, cannot say that they are firmly convinced of the truth of the charge. It is doubt based on reason and common sense. Reasonable doubt is not mere possible doubt, because everything relating to human affairs or depending on moral evidence open to some possible or imaginary doubt.
>
> Proof beyond a reasonable doubt is proof of such character that an ordinary person would be willing to rely and act upon it in the most important of his own affairs. *[If, a]fter a full and impartial consideration of all of the facts, you do have a present, firm conviction of the truth of the charge, the State has proven its case to you beyond a reasonable doubt* and you must then find the defendant guilty regardless of your personal feelings, or however distasteful such verdict may be to you. It is your sworn duty to render a true verdict. However, if you do not have such a firm conviction of the truth of the charge, you must then find the defendant not guilty * * *.
>
> * * *
> *If, after a full and impartial consideration of all of the facts, you do have a present, firm conviction of the truth of the charge, the State has then proven its case to you beyond a reasonable doubt* and you must then find the defendant guilty regardless of your personal feelings, or however distasteful such verdict may be to you. It is your sworn duty to render a true verdict. However, if you do not have a conviction of the truth of the charge, you must then find the defendant not guilty * * *.

(Emphasis added.) Dyer argues that this definition "expressly authorized the jury to convict on clear and convincing evidence. The language used by the court to define reasonable doubt-'a firm conviction of the truth of the charge'-is nearly a verbatim quote from the pattern jury instruction defining clear and convincing evidence: 'a firm conviction about the truth of the matter.'"

{¶ 13} The trial court's definition of reasonable doubt largely tracked the statutory

7

definition set forth in R.C. 2901.05(D), which the Supreme Court of Ohio has explained "correctly conveys the concept of reasonable doubt and is not an unconstitutional dilution of the state's burden to prove guilt beyond a reasonable doubt." *State v. Hoffner,* 102 Ohio St.3d 358, 2004-Ohio-3430, 811 N.E.2d 48, at ¶ 61. R.C. 2901.05(D) provides that

> "[r]easonable doubt is present when the jurors, after they have carefully considered and compared all the evidence, cannot say they are firmly convinced of the truth of the charge. It is a doubt based on reason and common sense. Reasonable doubt is not mere possible doubt, because everything relating to human affairs or depending on moral evidence is open to some possible or imaginary doubt. Proof beyond a reasonable doubt is proof of such character that an ordinary person would be willing to rely and act upon it in the most important of his own affairs."

However, the trial court amplified that definition by suggesting that having a "present, firm conviction of the truth of the charge" represents proof beyond a reasonable doubt rather than explaining what does not represent proof beyond a reasonable doubt: "[not being able] to say they are firmly convinced of the truth of the charge." Dyer argues that the failure of the trial court to properly instruct the jury on the meaning of reasonable doubt constituted structural error.

{¶ 14} As the Supreme Court of Ohio recently explained in *State v. Wamsley,* 117 Ohio St.3d 388, 2008-Ohio-1195, 884 N.E.2d 45, at ¶ 15, there are

> "two types of constitutional errors that may occur in the course of a criminal proceeding-'trial errors,' which are reviewable for harmless error, and 'structural errors,' which are per se cause for reversal. * * * 'Trial error' is 'error which occurred during the presentation of the case to the jury, and which may therefore be quantitatively assessed in the context of other evidence presented in order to determine whether its admission was harmless beyond a reasonable doubt.' * * * 'Structural errors,' on the other hand, 'defy analysis by "harmless error" standards' because they 'affect[ ] the framework within which the trial proceeds, rather than simply [being] an error in the trial process itself.' Consequently, a structural error *mandates* a finding of 'per se prejudice.'"

(Quoting *State v. Fisher,* 99 Ohio St.3d 127, 2003-Ohio-2761, 789 N.E.2d 222, at ¶ 9, quoting in turn *Arizona v. Fulminante* (1991), 499 U.S. 279, 309-10, 111 S.Ct. 1246, 113 L.Ed.2d 302 (alterations in original; internal citation omitted). However, the Supreme Court of Ohio has cautioned that, "'"if the defendant had counsel and was tried by an impartial adjudicator, there is a strong presumption that any other

constitutiona[l] errors that may have occurred are subject to harmless-error analysis."'" *Wamsley* at ¶ 15, quoting *State v. Hill* (2001), 92 Ohio St.3d 191, 197, 749 N.E.2d 274, quoting in turn *Rose v. Clark* (1986), 478 U.S. 570, 579, 106 S.Ct. 3101, 92 L.Ed.2d 460. Given the presumption that errors are not structural, courts have found an error to be structural "and thus subject to automatic reversal only in a 'very limited class of cases.'" *Id.,* quoting *Johnson v. United States* (1997), 520 U.S. 461, 468, 117 S.Ct. 1544, 137 L.Ed.2d 718. However, the Supreme Court of the United States and the Supreme Court of Ohio have recognized that a constitutionally deficient instruction on the meaning of reasonable doubt constitutes a structural error. *Sullivan v. Louisiana* (1993), 508 U.S. 275, 281-82, 113 S.Ct. 2078, 124 L.Ed.2d 182; *State v. Perry,* 101 Ohio St.3d 118, 2004-Ohio-297, 802 N.E.2d 643, at ¶ 18 (citing *Sullivan* ). Thus, we must determine whether the jury instruction on reasonable doubt amplifying the statutory definition is constitutionally deficient.

{¶ 15} The Supreme Court of Ohio has advised trial courts against amplifying the definition of reasonable doubt. *State v. Van Gundy* (1992), 64 Ohio St.3d 230, 235, 594 N.E.2d 604. However, in *Van Gundy,* the court held that an instruction nearly identical[3] to the one given by the trial court, "taken as a whole, was not prejudicial and did correctly convey the concept that the state must prove defendant's guilt beyond a reasonable doubt." *Id.* Based upon its holding that the amplification in *Van Gundy* did not erroneously define or distort the definition of reasonable doubt, the court implicitly held that the jury instruction in that case passed constitutional muster. In order for an error to be structural, it must be a constitutional error. See *Perry* at ¶ 19 ("'[T]he trial error/structural-error distinction is irrelevant unless it is first established that constitutional error has occurred.'" (quoting *State v. Esparza* (1996), 74 Ohio St.3d 660, 662, 660 N.E.2d 1194.). Therefore, we conclude that the trial court's amplification of the definition of reasonable doubt in this case, which is substantially similar to the definition upheld in *Van Gundy,* does not constitute structural error.

> Fn. 3 The court in *Van Gundy* explains:
>
>> The [trial] court then amplified upon this statutory language by instructing: "If after a full and impartial consideration of all the evidence you are firmly convinced of the truth of the charge, the state has proved its case beyond a reasonable doubt. If you are not firmly convinced of the truth of the charge, you must find the defendant not guilty."
>
> *Van Gundy,* 64 Ohio St.3d at 231, 594 N.E.2d 604.

(Doc. 5, Exh. 6 at 6-9).

To warrant habeas relief, the Court must determine whether the challenged instruction so infected the entire trial that the ensuing conviction violates due process. *Middleton v. McNeil,* 541 U.S. 433, 437 (2004) (citing *Estelle v. Mc Guire,* 502 U.S. 62, 72 (1991)).  *See also Henderson v. Kibbe,* 431 U.S. 145, 154 (1977).  Before a federal court may overturn a state conviction based on an erroneous jury instruction, "it must be established not merely that the instruction is undesirable, erroneous, or even 'universally condemned,' but that it violated some right which was guaranteed to the defendant by the Fourteenth Amendment." *Cupp v. Naughten,* 414 U.S. 141, 146 (1973).  The Supreme Court has clearly established that the challenged instruction must "not be judged in artificial isolation," but rather must be considered in the context of the instructions as a whole and the trial record. *Cupp,* 414 U.S. at 146-47; *see also Middleton,* 541 U.S. at 438; *Estelle,* 502 U.S. at 72.

The Due Process Clause of the Fourteenth Amendment protects a defendant in a criminal case from conviction except upon proof beyond a reasonable doubt of every fact necessary to constitute the crime with which he or she is charged. *Jackson v. Virginia*, 443 U.S. 307, 316 (1979); *In re Winship,* 397 U.S. 358, 364 (1970).  The jury must be instructed on the reasonable doubt standard, but the Constitution does not require any particular form of words be used to communicate the State's burden of proof. *Victor v. Nebraska*, 511 U.S. 1, 5 (1994).  The instructions as a whole must correctly convey the concept of reasonable doubt to the jury, and there must not be "a reasonable likelihood that the jury understood the instructions to allow [a] conviction" based upon lesser proof than beyond a reasonable doubt. *Id.* at 5, 6.

In this case, the state appellate court's rejection of petitioner's claim was neither contrary to nor an unreasonable application of clearly established federal law as set forth by the Supreme Court.  As the Ohio Court of Appeals reasonably determined, the majority of the challenged jury

instruction tracked the language of the Ohio statute defining "beyond a reasonable doubt," Ohio Rev. Code § 2901.15(E), which has been upheld by the Sixth Circuit as not violative of due process. *See Buell v. Mitchell*, 274 F.3d 337, 366 (6th Cir. 2001); *Thomas v. Arn*, 704 F.2d 865, 867-69 (6th Cir. 1983). *See also Coleman v. Mitchell,* 268 F.3d 417, 436-37 (6th Cir. 2001), *cert. denied,* 535 U.S. 1031 (2002) (rejecting contention that "firmly convinced" language in Ohio's statutory definition of reasonable doubt actually evoked a clear and convincing standard of proof). The supplemental language objected to by petitioner–"If, after a full and impartial consideration of all of the facts, you do have a present, *firm conviction of the truth of the charge*"–is virtually identical to the language upheld by the Ohio Supreme Court in *Van Gundy*–"If after a full and impartial consideration of all the evidence you are *firmly convinced of the truth of the charge*." The *Van Gundy* Court analyzed and relied upon United States Supreme Court precedent requiring that the jury instructions as whole, and as understood by reasonable jurors, correctly convey the concept of reasonable doubt. *See Van Gundy*, 64 Ohio St. 3d at 233-35, 594 N.E. 2d at 607-608. *See also Shacks v. Tessmer*, 9 Fed. Appx. 344, 351 (6th Cir. 2001) (upholding reasonable doubt instruction requiring jury to have "a firm conviction to a moral certainty of the truth of the charges"). In this case, there was no reasonable likelihood that the jurors in petitioner's criminal trial understood the instructions, as a whole, to permit a conviction on less than proof beyond a reasonable doubt. Since the denial of petitioner's claim by the Ohio Court of Appeals was not an unreasonable application of clearly established Supreme Court authority, Ground One of the petition should be denied.

**IV. THE REMAINING GROUNDS OF THE PETITION ARE PROCEDURALLY DEFAULTED AND WAIVED.**

Ground Two of the petition asserts petitioner was denied a fair trial based on prosecutorial misconduct. He alleges that during closing argument the prosecutor improperly implored the jury

to consider "community values" in determining petitioner's guilt and made "other" improper comments, including statements made on personal belief and arguments based on facts not admitted into evidence. (Doc. 1 at 6; Doc. 5, Exh. 6 at 17).

Respondent contends this ground for relief is procedurally defaulted and waived for purposes of habeas corpus review. For the reasons that follow, this Court agrees.

In recognition of the equal obligation of the state courts to protect the constitutional rights of criminal defendants, and in order to prevent needless friction between the state and federal courts, a state defendant with federal constitutional claims must first fairly present those claims to the state courts for consideration before raising them in a federal habeas corpus action. *See* 28 U.S.C. § 2254(b)(1), (c); *see also Anderson v. Harless*, 459 U.S. 4, 6 (1982) (*per curiam*); *Picard v. Connor*, 404 U.S. 270, 275-76 (1971). A constitutional claim for relief must be presented to the state's highest court in order to satisfy the fair presentation requirement. *See O'Sullivan v. Boerckel*, 526 U.S. 838, 845 (1999); *Hafley v. Sowders*, 902 F.2d 480, 483 (6th Cir. 1990); *Leroy v. Marshall*, 757 F.2d 94, 97, 99-100 (6th Cir.), *cert. denied*, 474 U.S. 831 (1985). If the petitioner fails to do so, he may have waived the unraised claims for purposes of federal habeas corpus review. *See Weaver v. Foltz,* 888 F.2d 1097, 1099 (6th Cir. 1989).

The doctrine of procedural default provides:

> In all cases in which a state prisoner has defaulted his federal claims in state court pursuant to an independent and adequate state procedural rule, federal habeas review of the claims is barred unless the prisoner can demonstrate cause for the default, and actual prejudice as a result of the alleged violation of federal law, or demonstrate that failure to consider the claims will result in a fundamental miscarriage of justice.

*Coleman v. Thompson*, 501 U.S. 722, 750 (1991). Such a default may occur if the state prisoner files an untimely appeal, *Coleman*, 501 U.S. at 750, if he fails to present an issue to a state appellate

court at his only opportunity to do so, *Rust v. Zent*, 17 F.3d 155, 160 (6th Cir. 1994), or if he fails to comply with a state procedural rule that required him to have done something at trial to preserve his claimed error for appellate review, *e.g.*, to make a contemporaneous objection, or file a motion for a directed verdict. *United States v. Frady*, 456 U.S. 152, 167-69 (1982); *Simpson v. Sparkman*, 94 F.3d 199, 202 (6th Cir. 1996).

Federal courts may not consider "contentions of federal law that are not resolved on the merits in the state proceeding due to petitioner's failure to raise them as required by state procedure." *Wainwright v. Sykes*, 433 U.S. 72, 87 (1977). If petitioner fails to fairly present his claims through the requisite levels of state appellate review to the state's highest court, or commits some other procedural default to preclude review of the merits of petitioner's claims by the state's highest court, and if no avenue of relief remains open or if it would otherwise be futile for petitioner to continue to pursue his claims in the state courts, the claims are subject to dismissal with prejudice as waived. *See O'Sullivan,* 526 U.S. at 847-48; *Harris v. Reed,* 489 U.S. 255, 260-62 (1989); *McBee v. Grant,* 763 F.2d 811, 813 (6th Cir. 1985); *see also Weaver v. Foltz,* 888 F.2d 1097, 1099 (6th Cir. 1989). The Sixth Circuit applies a four-part test to determine if a claim is procedurally defaulted:

> (1) the court must determine that there is a state procedural rule that is applicable to the petitioner's claim and that the petitioner failed to comply with the rule; (2) the court must determine whether the state courts actually enforced the state procedural sanction; (3) it must be decided whether the state procedural forfeiture is an adequate and independent state ground upon which the state can rely to foreclose review of a federal constitutional claim; and (4) if the court has determined that a state procedural rule was not complied with and that the rule was an adequate and independent state ground, then the petitioner is required to demonstrate that there was cause for him not to follow the procedural rule and that he was actually prejudiced by the alleged constitutional error.

*Buell v. Mitchell*, 274 F.3d 337, 348 (6th Cir. 2001), *cert. denied*, 535 U.S. 1031 (2002) (citing

*Maupin v. Smith*, 785 F.2d 135, 138 (6th Cir. 1986)).

In determining whether a state court rested its holding on a procedural default so as to bar federal habeas review, "the last state court rendering a judgment in the case must have based its judgment on the procedural default." *Simpson v. Jones*, 238 F.3d 399, 406 (6th Cir. 2000) (citing *Ylst v. Nunnemaker*, 501 U.S. 797, 803 (1991); *Couch v. Jabe*, 951 F.2d 94, 96 (6th Cir. 1991)). Normally, a federal habeas court will find that a petitioner procedurally defaulted if the last state court rendering a decision makes a plain statement to that effect. *Harris,* 489 U.S. at 261. No such statement is necessary, however, if the petitioner failed to present the relevant issues to the state court. *Id.* at 263 n. 9; s*ee also Teague v. Lane*, 489 U.S. 288, 297-298 (1989) (plurality opinion) ("The rule announced in *Harris v. Reed* assumes that a state court has had the opportunity to address a claim that is later raised in a federal habeas proceeding."). In that event, the federal habeas court may hold the claim procedurally defaulted "if it is clear that the state court would hold the claim procedurally barred." *Harris*, 489 U.S. at 263 n.9.

If, because of a procedural default, a petitioner can no longer present his claims to a state court, he has waived them unless he can demonstrate cause for the procedural default and actual prejudice resulting from the alleged constitutional errors, or that failure to consider the claims will result in a "fundamental miscarriage of justice." *Coleman v. Thompson,* 501 U.S. 722, 750 (1991); *see also Murray v. Carrier,* 477 U.S. 478, 485 (1986); *Engle v. Isaac,* 456 U.S. 107, 129 (1982); *Wainwright v. Sykes,* 433 U.S. 72, 87 (1977).

In the instant case, petitioner committed a procedural default of his prosecutorial misconduct claim when he failed to object to the prosecutor's comments during the trial, as acknowledged by the Ohio Court of Appeals in its decision. (Doc. 5, Exh. 6 at 18). Under Ohio law, the failure to raise a contemporaneous objection to a perceived error in the trial court

constitutes a procedural bar to review of the error on direct appeal. *Scott v. Mitchell*, 209 F.3d 854, 866 (6th Cir. 2000) (citing Ohio R. Crim. P. 52; *State v. Williams*, 51 Ohio St.2d 112, 364 N.E.2d 1364 (1977) (citations omitted)), *cert denied*, 531 U.S. 1021 (2000).  Ohio courts, however, may perform a limited review of the record to ensure that the alleged error does not amount to a plain error affecting a substantial right. Ohio Crim. R. 52(B); *State v. Ballew*, 76 Ohio St.3d 244, 254, 667 N.E.2d 369, 379 (1996).  The primary issue in the plain-error review is whether the outcome of the trial clearly would have been different without the error. *State v. Braden*, 98 Ohio St.3d 354, 362, 785 N.E.2d 439, 452 (2003) (citing *State v. Long*, 53 Ohio St.2d 91, 372 N.E.2d 804 (1978), paragraph two of the syllabus).  In reviewing for plain error, the state appellate court here determined that petitioner was not denied a fair trial by the prosecutor's allegedly improper comments. (Doc. 5, Exh. 6 at 18-28).

      Although the Ohio Court of Appeals reviewed petitioner's claim under the plain error rule, such review did not constitute a waiver of the procedural default by petitioner.  The Sixth Circuit has long held that plain-error review by the state courts does not constitute a waiver of state procedural default rules. *Seymour v. Weaver*, 224 F.3d 542, 557 (6th Cir. 2000) (citing *Paprocki v. Foltz*, 869 F.2d 281, 284-85 (6th Cir. 1989)), *cert. denied*, 532 U.S. 989 (2001); s*ee also White v. Mitchell*, 431 F.3d 517, 524 (6th Cir. 2005); *Mason v. Mitchell*, 320 F.3d 604 (6th Cir. 2003); *Hinkle v. Randle*, 271 F. 3rd 239 (6th Cir. 2001).  More importantly for this case, the Sixth Circuit has consistently held that "'Ohio's contemporaneous objection rule constitutes an adequate and independent state ground that bars federal habeas review absent a showing of cause and prejudice.'" *Mason v. Mitchell*, 320 F.3d 604, 635 (6th Cir. 2003) (quoting *Hinkle*, 271 F.3d at 244).  *Accord Seymour*, 224 F.3d at 557; *Scott* v. Mitchell, 209 F.3d 854, 866-71 (6th Cir.), *cert.*

*denied*, 531 U.S. 1021 (2000). The Sixth Circuit views "'a state appellate court's review for plain error as the enforcement of a procedural default.'" *Mason,* 320 F.3d at 635 (quoting *Hinkle*, 271 F.3d at 244). Therefore, petitioner has procedurally defaulted this claim. *Mason*, 320 F.3d at 635.

The Ohio Supreme Court's subsequent unexplained decision denying petitioner leave to appeal and dismissing the appeal for lack of a substantial constitutional question must be presumed to rely on the same procedural default. *See Ylst,* 501 U.S. at 803-04; *cf. Taqwiim v. Johnson,* 229 F.3d 1154 (table), No. 99-3425, 2000 WL 1234322, at * *3 (6th Cir. Aug. 22, 2000) (unpublished) (citing *Ylst* and *Levine v. Torvik,* 986 F.2d 1506, 1517 n. 8 (6th Cir .), *cert. denied,* 509 U.S. 907 (1993), and *overruled in part on other grounds by Thompson v. Keohane,* 516 U.S. 99 (1995)), *cert. denied,* 531 U.S. 1089 (2001).

Accordingly, procedural default bars consideration of Ground Two of the petition absent a showing of cause and prejudice or that a "fundamental miscarriage of justice" will result if the claim is not considered.

To the extent petitioner asserts trial counsel's ineffectiveness as "cause" for the procedural default (Doc. 5, Exh. 10), which petitioner attempts to piggy-back onto his ineffective assistance of appellate counsel claims raised in Grounds Three and Four of the petition, counsel's ineffectiveness cannot constitute cause because Grounds Three and Four are likewise procedurally defaulted and waived. (Doc. 5, Exh. 10).

The ineffective assistance of counsel may constitute cause for a procedural default, so long as such claim has been presented to the state courts, and is not itself procedurally defaulted. *Edwards v. Carpenter*, 529 U.S. 446, 452-53 (2000) (citing *Murray,* 477 U.S. at 488-89); *Burroughs v. Makowski,* 411 F.3d 665, 668 (6th Cir.) (per curiam), *cert. denied,* 126 S.Ct. 653

(2005). Petitioner procedurally defaulted his ineffective assistance of appellate counsel claims by filing an untimely application to reopen his direct appeal. The Ohio Court of Appeals' denial of petitioner's Rule 26(B) application as untimely constitutes an adequate and independent state ground to preclude federal habeas corpus review. *See Monzo v. Edwards,* 281 F.3d 568, 578 (6th Cir. 2002); *Tolliver v. Sheets*, 530 F. Supp.2d 957, 980 (S.D. Ohio 2008); *Smith v. Ohio Department of Rehabilitation and Correction,* 331 F. Supp.2d 605, 621-22 (N.D. Ohio 2004).

Petitioner committed a further procedural default when he failed to appeal the denial of his application to reopen to the Ohio Supreme Court.[3] Since petitioner did not provide the state's highest court with the opportunity to consider the ineffective assistance of appellate counsel claims raised in his application to reopen, petitioner failed to satisfy the "fair presentation" requirement set forth in 28 U.S.C. § 2254(b)(1), (c); *see O'Sullivan*, 526 U.S. at 845; *Leroy*, 757 F.2d at 97, 99-100. As there is no longer an avenue of relief that remains available in the state courts for petitioner to pursue his ineffective assistance of appellate counsel claims, *see* footnote 3 *supra*, petitioner's claims are procedurally defaulted. Since petitioner procedurally defaulted his ineffective assistance of appellate counsel claims, the ineffective assistance of counsel cannot serve as "cause" for his procedural default of Ground Two of the petition.

Petitioner's procedural default of the ineffective assistance of appellate counsel claims raised as Grounds Three and Four of the petition waives such claims for purposes of federal habeas corpus review unless petitioner can show "cause" for his default and actual prejudice as a result of the alleged error, or that failure to consider the claim will result in a "fundamental miscarriage of

---

[3]Petitioner never filed a notice of appeal from the denial of his motion to reopen. He may not file a delayed appeal under Rule II, Section 2(A)(4)(b), Rules of Practice of the Supreme Court of Ohio, which provides that the provision for delayed appeals does not apply to appeals involving post-conviction relief.

17

justice." *See Coleman,* 501 U.S. at 750; *see also Murray,* 477 U.S. at 485; *Isaac,* 456 U.S. at 129; *Sykes,* 433 U.S. at 87. Petitioner has not provided any justification as "cause" for his procedural default, nor has he shown that failure to consider his ineffective assistance of appellate counsel claims will result in a "fundamental miscarriage of justice."

Accordingly, petitioner's claims asserted in Grounds Two, Three, and Four of the petition are procedurally defaulted and waived for purposes of federal habeas corpus review.

**IT IS THEREFORE RECOMMENDED THAT:**

1. The petition for a writ of habeas corpus filed pursuant to 28 U.S.C. § 2254 (Doc. 1) be **DENIED** with prejudice.

2. A certificate of appealability should not issue with respect to Grounds Two, Three, and Four of the petition which this Court has concluded are waived and thus barred from review on procedural grounds because under the applicable two-part standard enunciated in *Slack v. McDaniel,* 529 U.S. 473, 484-85 (2000), "jurists of reason would not find it debatable whether this Court is correct in its procedural ruling" as required under the first prong of the *Slack* standard.[4]

3. A certificate of appealability should not issue with respect to Ground One of the petition because petitioner has failed to make a substantial showing of the denial of a constitutional right based on this claim. *See* 28 U.S.C. § 2253(c); Fed. R. App. P. 22(b).

4. The Court should certify pursuant to 28 U.S.C. § 1915(a)(3) that an appeal of any Order adopting this Report and Recommendation would not be taken in "good faith" and, therefore, **DENY** petitioner leave to proceed on appeal *in forma pauperis* upon a showing of financial necessity. *See* Fed. R. App. P. 24(a); *Kincade v. Sparkman,* 117 F.3d 949, 952 (6th Cir. 1997).

Date:  June 14, 2010   s/ J. Gregory Wehrman
 J. Gregory Wehrman
 United States Magistrate Judge
**UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION**

---

[4] Because this Court finds that petitioner has not met the first prong of the *Slack* standard, it need not address the second prong of *Slack* as to whether "jurists of reason" would find it debatable whether petitioner stated a valid constitutional claim. *See Slack,* 529 U.S. at 484.

DAVID DYER,  		Civil Action No. 1:09-cv-285
    Petitioner,

                                 Barrett, J.
    vs.  		Wehrman, M.J.

MIKE SHEETS, WARDEN,
    Respondent

## NOTICE

Attached hereto is a Report and Recommendation in the above-entitled habeas corpus action brought under 28 U.S.C. § 2254.  Any party may object to the Magistrate Judge's Report and Recommendation within **FOURTEEN (14) DAYS** of the filing date of this R&R.  Such party shall file with the Clerk of Court and serve on all other parties written objections to the Report and Recommendation, specifically identifying the portion(s) of the proposed findings, recommendations, or report objected to, together with a memorandum of law setting forth the basis for such objection(s).  Any response by an opposing party to the written objections shall be filed within **FOURTEEN (14) DAYS** after the opposing party has been served with the objections.  A party's failure to make objections in accordance with the procedure outlined above may result in a forfeiture of his rights on appeal.  *See Thomas v. Arn,* 474 U.S. 140 (1985); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981).